IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

SECOND AMENDED EMERGENCY ORDER
IN LIGHT OF THE COVID-19 PANDEMIC

**Robert Pitman**
**United States District Judge**

  The current circumstances are extraordinary and unprecedented. As always, though, the Court strives to adjudicate its cases fairly and safely and anticipates that litigants will be flexible, decent, and patient with each other and the Court.

  Recognizing the difficulties parties may face trying to litigate during this period of uncertainty, the Court issues the following Second Amended Emergency Order in Light of the COVID-19 Pandemic ("Second Amended Emergency Order") to facilitate the timely resolution of civil disputes while the Western District of Texas is closed as described in Chief Judge Orlando L. Garcia's Supplemental Order on June 18, 2020: "[a]ll civil and criminal bench and jury trials scheduled to begin on any date from now through July 31, 2020, are continued, to a date to be reset by each Presiding Judge."[1] If Chief Judge Garcia extends the closure again, this Second Amended Emergency Order automatically tracks and aligns with that extension until the closure is lifted, even without an amendment by Judge Pitman.

  Unless otherwise ordered by the Court, this Second Amended Emergency Order applies to all civil matters before Judge Pitman. It supplements the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of Texas.

  This Second Amended Emergency Order supplements this Court's Amended Emergency Order in Light of the COVID-19 Pandemic signed on April 17, 2020 ("Amended Emergency Order"). In Section V of the Amended Emergency Order, the Court gave the parties in civil cases wide latitude to shape the course of discovery and even temporarily suspend discovery. To manage the Court's docket efficiently and fairly, the Court now revises Section V of the Amended Emergency Order.

---

[1] Supplemental Order Regarding Court Operations under the Exigent Circumstances Created by the COVID-19 Pandemic, at 1 (W.D. Tex. filed June 18, 2020), https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/SupplementalOrderCOVID061820.pdf [hereinafter June 18 Order]. *See also* Supplemental Order Regarding Court Operations under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. filed Apr. 15, 2020), https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/SupplementalOrderCOVID19-041520.pdf; Amended Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. filed Mar. 24, 2020), https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/Amended%20Order%20Re%20Court%20Operations%20032420.pdf (amending the March 20 Order); Order Regarding Court Operations under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. filed Mar. 20, 2020), https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/ORDER-re-Court-Operations-032020.pdf; Order Regarding Court Operations under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. filed Mar. 13, 2020), https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/Order-Re-COVID-19.pdf.

## I. COMMUNICATIONS WITH CHAMBERS

Judge Pitman's chambers is closed, and Judge Pitman and his staff are working remotely. If you have a question or need to communicate with chambers, please contact Judge Pitman's courtroom deputy, Julie Golden, at Julie_Golden@txwd.uscourts.gov. You also may call chambers at 512.391.8824 and leave a message. Although voicemail will be checked regularly, the fastest way to communicate with chambers is to send an email. If you send an email or leave a voicemail, please include your name, your phone number, the case number, and a brief description of your inquiry.

## II. EMERGENCY MOTIONS AND PROCEEDINGS

Motions for temporary restraining orders or preliminary injunctions and other emergency applications for relief shall be filed electronically using CM/ECF, if possible. Parties shall immediately provide the Court with courtesy copies of any motion or application seeking emergency relief by sending those documents to courtroom deputy Julie Golden at Julie_Golden@txwd.uscourts.gov. Unless otherwise ordered by the Court, all conferences, hearings, and proceedings will be held by phone or videoconference. Briefing deadlines will be set on a case-by-case basis.

Approximately 24 hours before the scheduled proceeding, the Court will provide the access information for the phone or video conference.

At least 24 hours before the scheduled proceeding, the parties shall file the following documents, as applicable:

1. The names of witnesses who the parties intend to have appear;
2. The exhibits that the parties intend to offer; and
3. A single document detailing any objections the parties have to the admissibility of each exhibit. The parties are encouraged to reach an agreement on the admissibility of all exhibits. If, after conferring in good faith, they cannot reach an agreement, the Court will consider objections.

## III. NON-EMERGENCY PROCEEDINGS

Unless otherwise ordered by the Court, all conferences, hearings, and proceedings will be held by phone or video conference. Approximately 24 hours before the scheduled proceeding, the Court will provide the access information for the phone or video conference.

At least 24 hours before the scheduled proceeding, the parties shall file the following documents, as applicable:

1. The names of witnesses who the parties intend to have appear;
2. The exhibits that the parties intend to offer; and
3. A single document detailing any objections the parties have to the admissibility of each exhibit. The parties are encouraged to reach an agreement on the admissibility of all exhibits. If, after conferring in good faith, they cannot reach an agreement, the Court will consider objections

## IV. PRO SE LITIGANTS

Pro se parties are encouraged to (1) consent to electronic service via CM/ECF or email or (2) seek the Court's permission to file documents using CM/ECF. During the period of this Second Amended Emergency Order, the Court allows pro se parties to obtain permission to use CM/ECF by sending an email to courtroom deputy Julie Golden at Julie_Golden@txwd.uscourts.gov that includes the following information:

1. A request to file electronically and receive notices electronically; and
2. The email address you want to use for electronic filing and to receive electronic notices.

## V. SCHEDULING, DEADLINES, AND TRIAL DATES

The Court encourages parties to litigate their cases without unnecessary delay. For cases at any stage of litigation, the deadlines set out in the Federal Rules of Civil Procedure, the Local Rules, and the scheduling order for the case, if applicable, continue to govern, except as amended by this Second Amended Emergency Order. Unless exempted by court order, parties are expected to proceed with their case and follow all applicable standard deadlines and rules.

The Court also encourages all parties to reach agreements about extending answer, response, reply, and discovery deadlines. Consistent with the Local Rules, the Court advises parties to make special efforts to confer with the other parties in the case to determine whether they oppose the relief sought and notify the Court in the certificate of conference whether the relief sought is opposed or unopposed. If a request is agreed or unopposed, the Court typically can rule on those requests quickly.

### A. Cases without Scheduling Orders

**For cases in which no proposed scheduling order has been filed, the parties in those cases are required to file an agreed proposed scheduling order by July 7, 2020**. If the Court previously ordered the parties to submit an agreed proposed scheduling order by a different date, the parties shall file their agreed proposed scheduling order by the date directed by the Court. The Court will hold initial pretrial conferences by phone, as has been the Court's practice, to set a trial date and discuss preliminary matters. The Court has many cases that need conferences and asks for patience as each case is set for a conference in the weeks after the agreed proposed scheduling order has been filed.

Should the parties in a case anticipate difficulty meeting the July 7, 2020 deadline, they shall file an appropriate motion on or before July 7, 2020 that details the challenges they currently face. The Court will continue to be flexible where appropriate.

### B. Cases with Scheduling Orders

For cases with a scheduling order in place that lacks a trial date, the Court will hold initial pretrial conferences by phone, as has been the Court's practice, to set a trial date and discuss preliminary matters. The Court has many cases that need conferences and asks for patience as cases are set for conferences. If you believe your case needs a trial date and you have not been contacted by July 15, 2020 about a conference, please contact Judge Pitman's courtroom deputy, Julie Golden, at Julie_Golden@txwd.uscourts.gov on or after July 16, 2020.

### C. Cases Awaiting Trial

For cases set for trial before the Western District reopens on August 3, 2020—or some later reopening date set by Chief Judge Garcia—the trial, final pretrial conference, and all pretrial filing deadlines per Local Rule CV-16(e) have been continued and the trial and final pretrial conference will be reset on the Court's calendar. The Court will endeavor to prioritize those cases for resetting while bearing in mind that the parties may need time to (re)prepare for trial after a long period of stagnation. The Court anticipates setting phone conferences in those cases to select new trial dates after the Western District reopens.

For cases that have completed discovery and dispositive motions practice and currently have a trial date set for August 3, 2020 or later, the Court cannot predict with certainty whether appointed trial dates will stand but will attempt to provide guidance to parties and their counsel as more information becomes available. Absent changed circumstances, all trial dates set for August 3, 2020 or later will remain on the Court's calendar, although the Court may wait to set final pretrial conferences. As each trial date approaches, the Court may reevaluate the circumstances and set a phone conference with the parties to discuss the feasibility of the upcoming trial date. If the Western District closure is extended beyond August 3, 2020, then all trials and final pretrial conferences affected by that extension will be continued. The Court would endeavor to prioritize those cases for resetting while bearing in mind that the parties may need time to (re)prepare for trial after a long period of stagnation.

**SIGNED** on June 23, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE